## CUDDY v. UNITED STATES.

### No. 2449.

Circuit Court of Appeals, First Circuit.

Nov. 8, 1930.

James A. Donovan, of Lawrence, Mass. (Joseph M. Hargedon, of Lawrence, Mass., on the brief), for appellant.

Raymond U. Smith, U. S. Atty., of Woodsville, N. H.

Before BINGHAM, ANDERSON, and WILSON, Circuit Judges.

BINGHAM, Circuit Judge.

This is a libel brought by the United States against one Buick coupé, serial No. 2053507, engine No. 2127375, in which it is alleged that on the 24th day of August, 1929, federal prohibition agents seized said automobile then being used in the unlawful trans-

portation of liquor, within the jurisdiction of the District Court of New Hampshire, in violation of the National Prohibition Act, by John E. Cuddy, Jr., of Lawrence, Mass., who was convicted in said court on September 9, 1929; and that the automobile was released on bond.

The prayer was that the coupé be ordered forfeited and sold at public auction by the marshal, after due notice to all persons claiming to have any interest therein, etc.

An order to show cause was duly issued, and on October 11, 1929, John E. Cuddy, Jr., filed a claim setting out that he was the owner of the automobile, and an answer in which he denied the allegations of the libel and alleged that the automobile was improperly seized, in violation of his constitutional rights. He asked that the automobile be returned to him.

A jury having been waived in writing, the case was heard before the District Judge on October 25, 1929, at which time the claimant filed a motion to suppress all evidence obtained by the search and seizure of the automobile. This motion was denied, subject to exception.

After hearing, the court entered a decree of forfeiture reading as follows:

"This cause came on for hearing on the 25th day of October, 1929, and it appearing that the claimant, John E. Cuddy, Jr., of Lawrence, Massachusetts, pleaded guilty to and was convicted of the unlawful transportation of the intoxicating liquor in said automobile, and knew or might have known of the unlawful transportation of said intoxicating liquor in said automobile, and that no good cause is shown why said automobile should be returned, it is therefore ordered, adjudged and decreed that said automobile be and the same hereby is forfeited."

Of the errors assigned the only one relied upon and here argued is: "That the court erred in decreeing the forfeiture of the automobile."

Under this assignment the appellant claims that three questions are presented: (1) Whether there was probable cause to search the automobile; (2) whether the plea of guilty estopped the appellant from raising the question of illegality of the seizure; and (3) the sufficiency of the libel.

■■ The question of the sufficiency of the libel is not open on this record. No question was raised as to its sufficiency in the District Court, and if there had been it could not be availed of under this assignment of error.

This libel is brought under the provisions of section 26 of title 2 of the National Prohibition Act (27 USCA § 40), the District Court having failed, on the conviction of Cuddy of the unlawful transportation of liquor in the automobile, to order a forfeiture or sale of the automobile.

Section 26 provides:

"Sec. 26. When the commissioner, his assistants, inspectors, or any officer of the law shall discover any person in the act of transporting in violation of the law, intoxicating liquors in any * * * automobile * * *, or other vehicle, it shall be his duty to seize any and all intoxicating liquors found therein being transported contrary to law. Whenever intoxicating liquors transported or possessed illegally shall be seized by an officer he shall take possession of the vehicle * * * and shall arrest any person in charge thereof. Such officer shall at once proceed against the person arrested under the provisions of this title in any court having competent jurisdiction; but the said vehicle * * * shall be returned to the owner upon execution by him of a good and valid bond, * * * approved by said officer * * * conditioned to return said property to the custody of said officer on the day of trial to abide the judgment of the court. The court upon conviction of the person so arrested * * * unless good cause to the contrary is shown by the owner, shall order a sale by public auction of the property seized, and the officer making the sale, after deducting the expenses of keeping the property, the fee for the seizure, and the cost of the sale, shall pay all liens, according to their priorities, which are established, by intervention or otherwise at said hearing or in other proceeding brought for said purpose, as being bona fide and as having been created without the lienor having any notice that the carrying vehicle was being used or was to be used for illegal transportation of liquor, and shall pay the balance of the proceeds into the Treasury of the United States as miscellaneous receipts."

■ On the question of probable cause to search the automobile the District Court found that some weeks prior to August 24, when the seizure was made, Eager, a prohibition officer, received information from two sources, which he believed was reliable, that the car in question was being used every Saturday in the transportation of liquor from Salisbury, Mass., to Hampton Beach in New Hampshire; that it left Hampton Beach for Salisbury every Saturday around 3 p. m. and returned with the liquor about 5 p. m.;

that after receiving this information Eager caused one of his informers to further check up on these trips for the three Saturdays following, with the result that the prior information was confirmed; that on the afternoon of the fourth Saturday (August 24, 1929) Eager, with other prohibition officers and a police officer, stationed themselves near the highway leading from Hampton Beach to Salisbury and saw the car pass south at about the designated time they had been informed it would, and saw it come back at about the time it was expected. They then stopped the car, searched it, and found a gallon of alcohol. From these facts the District Court found that Officer Eager, from the information he received, had reasonable ground for belief and did believe that claimant's car was being used each Saturday for the illegal transportation of liquor; and also found that on Saturday, August 24, when the officers went to Hampton Beach and saw the car go south on schedule time and saw it return as per information previously received, the officers then had personal knowledge of its movements and reasonable grounds based on such personal observation for believing that the information given them was correct and for believing that the car was being used for transporting intoxicating liquor. We think that the District Court was fully warranted in finding probable cause for the search of the automobile. Carroll v. United States, 267 U. S. 132, 45 S. Ct. 280, 69 L. Ed. 543, 39 A. L. R. 790; Park v. United States (C. C. A.) 294 F. 776. This conclusion renders it unnecessary to consider whether the plea of guilty estopped the appellant from raising the question of the illegality of the seizure.

The judgment of the District Court is affirmed.